ROBERT D. EASSA (SBN: 107970)
PAUL R. JOHNSON (SBN: 115817)
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
PHELPS DODGE INDUSTRIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

HELEN HUTCHISON, etc., et al.,

Plaintiffs,

v.

A.W. CHESTERTON COMPANY; et al.,

Defendants.

No. C 07-02824 MEJ

**ANSWER OF DEFENDANT PHELPS DODGE INDUSTRIES, INC., TO COMPLAINT**

By substituting for defendant "Doe 11" wherever it appears in the complaint, plaintiffs have sued defendant Phelps Dodge Industries, Inc. (hereinafter referred to as "PDI" or "defendant") in its own name and have erroneously sued PDI "as parent, alter ego, sii [*sic*] and equitable trustee to CYPRUS MINES CORP., SIERRA TALC & CHEMICAL CO., UNITED SIERRA DIVISION, PAUL W. WOOD COMPANY and CYPRUS AMAX." In answer to plaintiff's complaint on file herein, PDI—for itself and for itself alone—admits, denies, and alleges as follows:

1. In response to paragraph 1 of the complaint, including all subparts of the paragraph, PDI is without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

2. In response to paragraph 2 of the complaint, PDI denies the allegations of the paragraph as to PDI. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.



FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

3. In response to paragraph 3 of the complaint, PDI notes that the paragraph sets forth legal contentions that require no response. PDI denies the allegations of the first sentence of the paragraph, particularly as to PDI. PDI denies the allegations of the remainder of the paragraph, including plaintiffs' assertion that federal courts lack subject matter jurisdiction over this matter. Plaintiffs' purported disclaimer is subject to interpretation and the subsequent adjudication of facts and is thus illusory and insufficient to define the scope of the action. Plaintiffs' argument erroneously assumes that the courts of the United States lack jurisdiction to determine whether the government contractor defense applies. Rather, this Court has jurisdiction to decide when claims are indeed barred by the defense. Removal is proper where supported by the assertion of a "colorable" federal defense. See *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Because plaintiffs have asserted claims against PDI, including allegations that the decedent was exposed to asbestos while serving in the United States Navy, PDI has a right to have its federal defense determined by this Court. PDI is not required to wait for a state court to decide whether plaintiffs' claims against PDI are barred by the federal defense and, therefore, fall within the scope of plaintiffs' purported disclaimer (which is, in effect, no more than an acknowledgement that such a defense exists under federal law).

4. In response to paragraph 4 of the complaint, PDI alleges that it is a corporation, duly authorized to conduct business in the State of California. PDI denies that it is the "parent, alter ego, sii [*sic*] and equitable trustee to CYPRUS MINES CORP., SIERRA TALC & CHEMICAL CO., UNITED SIERRA DIVISION, PAUL W. WOOD COMPANY and CYPRUS AMAX" as alleged in plaintiffs' amendment substituting PDI for "Doe 11." PDI denies that there is an entity named "PHELPS DODGE/CYPRUS AMAX MINERALS CO." and further denies that such a named entity is the "parent, alter ego, successor in interest and equitable trustee to CYPRUS MINES CORPORATION, SIERRA TALC & CHEMICAL COMPANY, UNITED SIERRA DIVISION, and PAUL W. WOOD COMPANY." PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

5. In response to paragraph 5 of the complaint, PDI denies the allegations of the paragraph as to PDI. PDI alleges that Phelps Dodge Copper Products Corporation (hereinafter referred to as "PDCPC"), a predecessor to PDI, at times produced certain asbestos-containing wire and cable products. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

6. In response to paragraph 6 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI alleges that PDCPC at times produced certain asbestos-containing wire and cable products. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

7. In response to paragraph 7 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

8. In response to paragraph 8 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

9. In response to paragraph 9 of the complaint, PDI alleges that PDI and PDCPC exercised due care. PDI otherwise denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

10. In response to paragraph 10 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

11. In response to paragraph 11 of the complaint, PDI objects that the paragraph assumes facts not in evidence. PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

12. In response to paragraph 12 of the complaint, PDI objects that the paragraph assumes facts not in evidence. PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI is

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

13. In response to paragraph 13 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

14. In response to paragraph 14 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

15. In response to paragraph 15 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

16. In response to paragraph 16 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

17. In response to paragraph 17 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

18. In response to paragraph 18 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 17 of the complaint, as though such responses were set forth in full.

19. In response to paragraph 19 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

20. PDI observes that there is no paragraph 20 of the complaint.

21. In response to paragraph 21 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

22. In response to paragraph 22 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

23. In response to paragraph 23 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

24. In response to paragraph 24 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 23 of the complaint, as though such responses were set forth in full.

25. In response to paragraph 25 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

26. In response to paragraph 26 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

27. In response to paragraph 27 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

28. In response to paragraph 28 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 27 of the complaint, as though such responses were set forth in full.

29. In response to paragraph 29 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

30. In response to paragraph 30 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

31. In response to paragraph 31 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

32. In response to paragraph 32 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

33. In response to paragraph 33 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

34. In response to paragraph 34 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 33 of the complaint, as though such responses were set forth in full.

35. In response to paragraph 35 of the complaint, PDI observes that the paragraph sets forth legal contentions that require no response. PDI denies the allegations of the paragraph, particularly as to PDI and PDCPC. Further, PDI denies that PDI injured the decedent or infringed any rights of the decedent, and PDI denies that PDCPC injured the decedent or infringed any rights of the decedent.

36. In response to paragraph 36 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

37. In response to paragraph 37 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

38. In response to paragraph 38 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

39. In response to paragraph 39 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

40. In response to paragraph 40 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

41. In response to paragraph 41 of the complaint, including all subparts of the paragraph, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

42. In response to paragraph 42 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

43. In response to paragraph 43 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

44. In response to paragraph 44 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

45. In response to paragraph 45 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

46. In response to paragraph 46 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

47. In response to paragraph 47 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 27 and 34 through 46 of the complaint, as though such responses were set forth in full.

48. In response to paragraph 48 of the complaint, PDI alleges that PDCPC at times produced certain asbestos-containing wire and cable products. PDI denies the allegations of the

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3543
PHONE 510.444.3131

paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

49. In response to paragraph 49 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence.

50. In response to paragraph 50 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

51. In response to paragraph 51 of the complaint, PDI objects that the paragraph assumes facts not in evidence. PDI denies that PDI or PDCPC caused the decedent to be exposed to asbestos. PDI denies that PDI has (and that PDI or PDCPC has ever had) any liability to plaintiffs or the decedent. Insofar as the paragraph sets forth legal contentions, it requires no response. PDI denies that the market share theory of liability applies to this case. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

52. In response to paragraph 52 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

53. In response to paragraph 53 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 52 of the complaint, as though such responses were set forth in full.

54. In response to paragraph 54 of the complaint, PDI objects that the paragraph assumes facts not in evidence. PDI denies the allegations of the paragraph as to PDI and PDCPC. Asbestos-containing Navy shipboard cable that PDCPC supplied to the United States Navy was manufactured in strict compliance with detailed government specifications, including marking and labeling specifications. The United States Navy had superior knowledge about potential health hazards. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

FBE&M
Lake Merritt Plaza
999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

55. In response to paragraph 55 of the complaint, PDI objects that the paragraph assumes facts not in evidence. PDI denies the allegations of the paragraph as to PDI and PDCPC. Asbestos-containing Navy shipboard cable that PDCPC supplied to the United States Navy was manufactured in strict compliance with detailed government specifications, including marking and labeling specifications. The United States Navy had superior knowledge about potential health hazards. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

56. In response to paragraph 56 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

57. In response to paragraph 57 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

58. In response to paragraph 58 of the complaint, PDI incorporates by reference its responses to paragraphs 1 through 57 of the complaint, as though such responses were set forth in full. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

59. In response to paragraph 59 of the complaint, PDI denies the allegations of the paragraph as to PDI and PDCPC. PDI also objects that the paragraph assumes facts not in evidence. PDI also alleges that any purported cause of action of the decedent has not been timely asserted within the applicable limitations period. PDI is otherwise without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

60. In response to paragraph 60 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

61. In response to paragraph 61 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

62. In response to paragraph 62 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

63. In response to paragraph 63 of the complaint, PDI denies the allegations of the paragraph, particularly with respect to PDI and PDCPC.

**FURTHER AND AFFIRMATIVE DEFENSES**

64. Asbestos-containing Navy shipboard cable that PDCPC supplied to the United States Navy was manufactured in strict compliance with detailed government specifications, including marking and labeling specifications. The United States Navy had superior knowledge about potential health hazards. As a result, PDI is immune from suit under the doctrine set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

65. At all times relevant hereto, PDI and PDCPC complied with all applicable laws, regulations, and standards.

66. If PDCPC supplied any asbestos–containing products to which plaintiffs' decedent was exposed, those products were supplied in conformance with the specifications of the employers of plaintiffs' decedent or of the decedent's intermediary.

67. The complaint, and each purported cause of action stated therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 312, 335.1, 338, 338.1, 339, 340.2, 343, and 361 and California Commercial Code section 2725.

68. The complaint, and each purported cause of action stated therein, is ambiguous and uncertain. Furthermore, plaintiffs improperly allege fraud and misrepresentation without specifying what purported misrepresentations, if any, are alleged to have been made on behalf of this answering defendant, by whom, and by what authority.

69. Plaintiffs have unreasonably delayed the commencement and service of this action to the prejudice of this answering defendant. Plaintiffs' claims are barred by the doctrine of laches.

70. Any breach of warranty claim is barred by written disclaimers and exclusions on the labels of the products, if any.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

71. Any breach of warranty claim is barred to the extent that plaintiffs seek recovery for the breach of a warranty that was not expressly printed on the label supplied with the product, if any.

72. The alleged damages, if any, are completely or in part the result of plaintiffs' or the decedent's failure to mitigate as required by law, and recovery by plaintiffs is therefore barred.

73. If plaintiffs' decedent suffered injuries attributable to the use of any product referred to in the complaint, which injuries are denied, the injuries were caused and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product, if any, and the failure by plaintiffs' decedent, or others, to follow instructions.

74. Plaintiffs and the decedent failed to give notice within a reasonable time to this answering defendant of the alleged breach of warranty alleged in the complaint in the manner and form prescribed by Commercial Code section 2607.

75. The complaint fails to state a cause of action against this answering defendant for breach of warranty.

76. Any breach of warranty claim is barred for lack of privity between plaintiffs or decedent and this answering defendant or its predecessor.

77. Persons or entities other than this answering defendant were in some manner responsible or at fault for any damages incurred by plaintiffs or decedent as alleged in the complaint (which damages are denied), and therefore, in the event of any determination of liability in favor of any other party against this answering defendant, an apportionment of responsibility and fault as to all persons and entities must be made, and the liability of this answering defendant must be limited accordingly, and this answering defendant requests a judgment and declaration of indemnification and contribution against all other persons and entities in accordance with the apportionment of fault among all persons and entities determined to be responsible or at fault.

78. The damages allegedly sustained by plaintiffs and/or the decedent, which this answering defendant denies, were not caused by any product manufactured, sold, distributed, supplied, or installed by this answering defendant (or its predecessor).

79. If any injuries related to any products produced by this answering defendant (or rather, its predecessor) as alleged in the complaint, plaintiffs' decedent or others modified, altered, or

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

changed said products, if any, so that such modifications, alterations, or changes proximately caused the injuries, loss, and damages complained of, if any there were.

80. If any injuries related to any products produced by this answering defendant (or rather, its predecessor) as alleged in the complaint, such product, if any, and its component parts, if any, were not used as instructed and intended, but were subjected to unforeseeable and unanticipated misuse, abuse, alteration, and/or modification by others (than this answering defendant or its predecessor), which misuse, abuse, alteration and/or modification was the proximate cause of the injuries and damages, if any, allegedly suffered by plaintiffs or the decedent.

81. The injuries and damages, if any, alleged by plaintiffs were proximately caused by the idiosyncrasy of the decedent's bodily composition and consequential unforeseeable allergic reaction to the product, if any, and/or one or more of its components, if any.

82. The acts, conduct, or omissions of plaintiffs, the decedent, or others caused any injuries alleged in the complaint (which injuries are denied), and this answering defendant has no liability to plaintiffs or, if this answering defendant were to be held liable (which this answering defendant denies), then such liability must be limited based on proportionate fault.

83. The injuries and damages, if any, alleged by plaintiffs (which damages are denied) were caused solely or in part by the comparative negligence of plaintiffs and/or the decedent and each of the claims is barred wholly or in part by reason of such comparative negligence.

84. Plaintiffs, their decedent, or the decedent's intermediary knowingly assumed the risk of any injury or damage alleged in the complaint.

85. The claims against this answering defendant are barred by the doctrine of waiver.

86. The claims against this answering defendant are barred by the doctrine of estoppel.

87. The claims against this answering defendant are barred by the doctrine of preclusion.

88. The products alleged in the complaint, if any, were used by a sophisticated user/intermediary, said user/intermediary having adequate and complete knowledge and/or warnings of any risk involved in the use of said products, if any, and, for that further reason, this answering defendant (or rather, its predecessor) had no duty to warn the decedent of any such risks, and plaintiffs' claims are thereby barred.

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131

89. Any injuries resulting from the use of the products alleged in the complaint, if any, (which injuries are denied) were not foreseeable to this answering defendant or its predecessor given the state of knowledge and state-of-the-art at the times of the alleged distribution and the alleged injuries.

90. At the time of the injuries alleged in the complaint, the decedent was employed and entitled to receive workers' compensation or other benefits from his employer(s); one or more of decedent's employers was negligent or otherwise responsible with regard to the matters referred to in the complaint, and such negligence or other conduct on the part of said employer proximately and concurrently contributed to the injuries and to the loss and damage complained of by plaintiffs, if any there were; and by reason thereof, this answering defendant is entitled to set off, against any judgment or other award that might be rendered in favor of plaintiffs herein, any such benefits received, or that should be or should have been received, by the decedent or by plaintiffs.

91. Any award of punitive or exemplary damages against this answering defendant would violate this answering defendant's rights to procedural due process and to substantive due process as provided by the Fourteenth Amendment to the Constitution of the United States and by the Constitution of the State of California.

92. Plaintiffs have failed to join one or more parties that are indispensable to a resolution of the matters alleged in the complaint.

93. Additional affirmative defenses may be available to this answering defendant. PDI reserves the right to amend its answer to allege such additional affirmative defenses once they have been fully ascertained and can be pleaded.

**PRAYER**

WHEREFORE, defendant Phelps Dodge Industries, Inc., prays for judgment against plaintiffs, and against each of them, as follows:

1. That plaintiffs take nothing and have no relief, whether by reason of the complaint herein or otherwise;

2. That this answering defendant be awarded its costs incurred in this lawsuit;

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

3. That, if defendant is found liable, the degree of responsibility and liability for the resulting damages be determined, and that defendant be liable only for the portion of total damages in proportion to its total responsibility for same; and

4. For such other and further relief as the Court deems proper.

DATED: June 7, 2007

FILICE BROWN EASSA & McLEOD LLP

By: ______________________

ROBERT D. EASSA
PAUL R. JOHNSON
Attorneys for Defendant
PHELPS DODGE INDUSTRIES, INC.

05794 33915 PRJ 564547.02

FBE&M
LAKE MERRITT PLAZA
999 HARRISON STREET
EIGHTEENTH FLOOR
AKLAND CA 94612-3541
PHONE 510.444.3131