Cheryl L. White, Esq. (SBN 164352)
Yvonne Huggins-McLean (SBN 188204)
BRENT COON & ASSOCIATES
44 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: 415.489.7420
Facsimile:  415.489.7426

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HELEN HUTCHISON, Individually, and as Successor-in-Interest to the Estate of WILLIAM ALBERT HUTCHISON, Deceased, MICHELLE STUART, and DOES 1 THROUGH 10, inclusive,<br><br>Plaintiffs,<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. C07-02824 MEJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br><br>Magistrate Judge:  Hon. Maria-Elena James<br><br>Date:   Thursday, August 30, 2007<br>Time:   10:00 a.m.<br>Place:  Courtroom B, 15th Floor<br><br>Complaint Filed: January 8, 2007 |
|---|---|

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This lawsuit was improperly removed to this Court and should be immediately remanded.

First, defendant Phelps Dodge fails to satisfy its burden of proof that this case was properly removed. Second, even under the principles and the Federal Tort Claims Act, 28 U.S.C.§ 2671 et seq., and under the *Boyle v. United Technologies Corporation*, 487 U.S. 500(1988) doctrine, Phelps Dodge's grounds for removing this case are not proper. Plaintiffs' motion to remand should be granted and this case should be returned to Alameda County Superior Court.

## II. STATEMENT OF FACTS

The plaintiffs, Helen Hutchison and Michelle Stuart, are the legal heirs of William Albert Hutchison, who died from asbestos-related lung cancer on January 11, 2006. Mr. Hutchison's widow and daughter filed their Complaint alleging Mr. Hutchison's wrongful death from exposure to asbestos on January 8, 2007. Plaintiffs' Complaint names Phelps Dodge/Cyprus Amax Minerals Company [hereinafter "Phelps Dodge"], individually, and as parent, alter ego, successor in interest and equitable trustee to Cyprus Mines Corporation, Sierra Talc & Chemical Company, United Sierra Division and Paul W. Wood Company and others as defendants engaged in the business of mining, milling, manufacturing, distributing and marketing asbestos and asbestos-containing products "for sale to and use by members of the general public." See, Complaint, attached to the Declaration of Yvonne Huggins-McLean at 5:9-6:10.

In defendant Phelps Dodge's Notice of Removal, Phelps Dodge alleges that the only shipboard cable that it is responsible for is that manufactured by its predecessor Phelps Dodge Cooper Products Corporation. See, Phelps Dodge's Notice of Removal ¶ 5, at p. 413-15. Phelps Dodge alleges that the shipboard cable was manufactured pursuant to contracts with the United States Navy and in strict compliance with detailed government specifications for marking and labeling. See, Phelps Dodge's Notice of Removal, p. 4:13-17. These claims are not supported by a declaration from any Phelps Dodge official and Phelps Dodge does not attach any contracts or specifications or provides any evidence of this alleged Navy connection. Phelps Dodge also alleges that the Navy had superior knowledge about potential health hazards but provides no support for this claim either. See, Phelps Dodge's Notice of Removal, p. 4:17-18.

Phelps Dodge's Notice of Removal states that it is immune from suit under the Federal Tort Claim Act, 28 U.S.C. § 2671 et seq., and under *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). However, Phelps Dodge does not elaborate on its foundation for this Court's federal jurisdiction. Without evidence of support, Phelps Dodge merely states that the Federal Tort Claims Act, 28 U.S.C.§ 2671 et seq. and the doctrine enunciated in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988)" apply. See, Notice of Removal at ¶ 5. However, as discussed below,

2

| *Hutchison, et al. v. A.W. Chesterton Company, et al.*<br>Case No. C07-02824 MEJ | MEMORANDUM OF POINTS AND AUTHORIES IN<br>SUPPORT OF MOTION TO REMAND |

neither the Federal Tort Claims Act (FTCA) nor the "military contracts defense" in *Boyle* applies to this case so as to create jurisdiction in this Court.

## II. DEFENDANT PHELPS DODGE DOES NOT SATISFY ITS BURDEN OF PROVING THAT THIS CASE SHOULD BE REMOVED

In a removal action, the removing party bears the burden of establishing that federal jurisdiction exists. See, *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998); *Wilson Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 St.Ct. 35, 37 (1921). The burden is on a defendant to show that removal is proper and the federal court is obligated to "strictly construe any removal statutes against removal and in favor of remand." See, *New Jersey Department of Environmental Protection v. Exxon Mobil Corp.*, 381 F.Supp.2d (D.N.J. 2005) at 402-403; quoting *Entrekin v. Fisher Scientific Inc.*, 146 F.Supp.2d 594, 604 (3d Cir. 2001). An order for remand for lack of subject matter jurisdiction is not "reviewable on appeal or otherwise." See, 28 U.S.C. § 1447 (d).[2]

Phelps Dodge removed this case alleging that federal jurisdiction exists pursuant to 28 U.S.C. § 1442(a) (1), which provides that:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) Any officer of the Untied States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

The removal statute's "basic purpose" is to protect the Federal Government from the interference with its "operations" that would ensue were a state able, for example, to "arrest" and bring to "trial in a State court for an alleged offense against the law of the State," "officers and agents" of the Federal Government "acting…within the scope of their authority." See, *Watson v. Philip Morris Companies*, 127 S.Ct. 2301 quoting *Williamham v. Morgan*, 395 U.S. 402 at 406. In *Watson v. Philips*, the court held that a private firm's compliance with federal laws, rules, and

---

[2] Under 28 U.S.C. § 1447 (d), "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."

3

| *Hutchison, et al. v. A.W. Chesterton Company, et al.* | MEMORANDUM OF POINTS AND AUTHORIES IN |
| Case No. C07-02824 MEJ | SUPPORT OF MOTION TO REMAND |

regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official," even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.

Moreover, a removing defendant must do more than plead that the case should be removed because it has a federal defense. Rather, the removing defendant must plead that the removing defendant has a *colorable* federal defense. See, *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 643, 659 (E. D. Tex. 1999). Therefore, in order for Phelps Dodge to prevail under the removal pursuant to § 1442 (a)(1), Phelps Dodge must establish: 1) that the removing defendant must be a federal officer or a "person" acting under a federal officer; 2) that the removing defendant was acting at the direction of an officer of the United States and that a causal nexus exists between the defendant's actions under color of the federal office and the plaintiffs' claim; and 3) that the removing defendant is asserting a colorable federal defense. See, *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998); *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 966-69 (1989); and *Faulk, Supra* at 659. In the absence of these requirements being shown to exist, this Court does not have federal subject matter jurisdiction over this action and this case should be remanded back to Alameda Superior Court.

A. **Phelps Dodge Provides No Evidence In Support of Its Claims That There Is A Federal Connection.**

Although Phelps Dodge alleges that it and its predecessor's asbestos-containing shipboard cable was manufactured "pursuant to contract with the United States Navy," that "the Navy shipboard cable was manufactured in strict compliance with detailed government specifications, including marking and labeling specifications," and that the "United States Navy had superior knowledge about potential health hazards," Phelps Dodge provides no evidence or support for these allegations. See, Phelps Dodge's Notice, p. 3-5. Phelps Dodge provides no declarations from Phelps Dodge officials who are knowledgeable, no contracts or specifications are attached, and there is no evidence that the necessary "federal connection" to a federal entity, such as to the Navy, by means of contract or specifications, even exists. Phelps Dodge also provides no support that the Navy had any knowledge, let alone superior knowledge, about Phelps Dodge's or its predecessor's

4

| Hutchison, et al. v. A.W. Chesterton Company, et al. | MEMORANDUM OF POINTS AND AUTHORITIES IN |
| Case No. C07-02824 MEJ | SUPPORT OF MOTION TO REMAND |

asbestos-containing products. In the absence of any evidence, Phelps Dodge has not satisfied its burden of proof and this case should be remanded.

### B. Phelps Dodge Was Not Was Acting At The Direction Of An Officer Of The United States

Phelps Dodge has not demonstrated that it was acting at the direction of an officer of the United States or that a causal nexus exists between its actions under color of federal office and the plaintiffs' claims.

In this case, plaintiffs' complaint alleges injury from Phelps Dodge's manufacture, sale, supply, and/or distribution of defective asbestos Phelps Dodge products. See, Exhibit A, Complaint, p. 9:17-18. Although Phelps Dodge had knowledge, plaintiffs allege that Phelps Dodge failed to act upon that knowledge and warn Mr. Hutchison about the dangers of asbestos. See, Exhibit A, p. 9:10-23. While Phelps Dodge seeks to suggest that when it supplied the asbestos product that caused injury to the plaintiff, through the Navy, it acted under "color" of an officer of the United States, the necessary direct and detailed control over which Phelps Dodge is now sued is lacking. *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 950 (E.D. N.Y. 1992).

Moreover, if Phelps Dodge supplied the Navy with the same asbestos-containing products it supplied to others for non-military use it would not have been acting at the direction of an officer of the United States. See, Phelps Dodge's responses to In Re Complex Asbestos Litigation, Superior Court of the State of California For The County of San Francisco, Interrogatory No. 31 question and response, attached to the Huggins-McLean declaration as Exhibit B, p. 36:1-47:9. Therefore, since Phelps Dodge provides no evidence it was not acting at the direction of an officer of the United States, Phelps Dodge has not proven that Section 1442(a)(1) applies and this Court lacks subject matter federal jurisdiction.

### C. Phelps Dodge Cannot Establish A Causal Nexus Between Its Actions As Actions Under The Control Of A Federal Officer And The Plaintiffs' Claims

Plaintiffs' Complaint alleges that Phelps Dodge failed to warn decedent of the hazards of asbestos. See, Exhibit A, including p. 10:10-23. Phelps Dodge merely states in its Notice of Removal that its predecessor manufactured asbestos-containing products "in strict compliance with

5

| *Hutchison, et al. v. A.W. Chesterton Company, et al.*<br>Case No. C07-02824 MEJ | MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF MOTION TO REMAND |
|---|---|

government specifications." See, Notice of Removal at ¶ 4. There is no evidence that the government provided any specifications for Phelps Dodge's asbestos-containing products. Even if such specifications existed, they would be related to manufacture and not to warnings placed *on* the products or warnings given to employees who used the products.

In *Faulk v. Owens-Corning*, the United States District Court for the Eastern District of Texas addressed this exact issue. See, 48 F.Supp.2d 653 (E.D.Tex. 1999). In *Faulk*, the Court stated that "the federal government had provided no direction or control on warnings when using asbestos; moreover, the government did not prevent Defendants from taking their own safety precautions heeding sate law standards above the minimum standards incorporated in their federal contracts. *Id.* at 663. There was evidence of detailed government specifications relating to the production of certain products but nothing about warnings related to the hazards of asbestos. *Id* at 664. The Court stated that since "[t]he federal officer remained completely silent as to whether to *warn* about the use of asbestos; this silence is fatal to the 'causal nexus' necessary for the second prong." *Id* at 664.

Here, Phelps Dodge has not met its burden of showing that the government provided specifications for its asbestos-containing products, nor has it met its burden of showing that any specifications pertained to relevant issues, like warnings. Therefore, since Phelps Dodge cannot establish a causal nexus between its actions and the plaintiffs' claim, like *Faulk*, the Court should grant the plaintiffs' motion to remand this case back to Alameda Superior Court.

### D. Phelps Dodge Does Not Assert A Colorable Defense Under *Boyle*.

Even if this Court were to find that Phelps Dodge did establish a "causal nexus," although no nexus is supported by Phelps Dodge's Removal Notice, remand is still warranted as Phelps Dodge has failed to meet its burden of proving the other requirements for removal, such as the "colorable" defense. Although Phelps Dodge does not elaborate on its foundation for asserting that the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and the doctrine enunciated in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988) apply, neither the FTCA nor the principles of *Boyle* provide Phelps Dodge with a colorable defense.

6

Hutchison, et al. v. A.W. Chesterton Company, et al.
Case No. C07-02824 MEJ

MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF MOTION TO REMAND

In *Boyle v. United Technologies,* 208 S. Ct. 2510 (1988), *cert denied,* 109 S. Ct. 559, *reh'g denied,* 109 S. Ct. 1182 (1989), the Supreme Court dealt with the issue of when a contractor providing military equipment to the Federal Government can be held liable under state tort law for injuries caused by a defectively designed product. In *Boyle*, the Court stated that "a few areas, involving "uniquely federal interests are so committed by the Constitution and laws of the United States to federal control that state law is preempted and replaced . . . ." *Id.* at 2514. The Court concluded that displacement will occur only where "a significant conflict" exists between an identifiable "federal policy or interest and the [operation] of state law." *Id.* More importantly, the *Boyle* Court refused to characterize its preemption analysis as extending official immunity to government contracts, as Phelps Dodge suggests. *Id.* at 2514. Here, there is no significant conflict between an interest and the operation of state law, no identifiable federal interest exists, and liability such as averred in plaintiffs' complaint can be imposed again Phelps Dodge under *Boyle*.[3]

### 1. Phelps Dodge's Asbestos Products Are Not "Military Equipment."

The *Boyle* court stated that "procurement of equipment by the United States is an area of unique federal interest," but stated that that this did not end the inquiry and in itself was not a sufficient condition for displacement of state law. In *Boyle,* the military equipment at issue was an alleged defectively designed helicopter. In plaintiffs' case, Unlike *Boyle,* what is at issue is not equipment but asbestos-containing insulation products, namely shipboard cable.

The United States District Court for the District of Hawaii has held that while "it is clear the *Boyle* opinion applies only to military equipment, [a]sbestos insulation products are not military equipment." See, 715 F.Supp. 298, 299 (1999). See also, *In re New York City Asbestos Litigation*, 542 N.Y.S.2d 118 (1989) (asbestos supplied to the Navy was not by definition military equipment since asbestos was used as insulation material for products other than military hardware).

Here, Phelps Dodge's supply of asbestos-containing products to the Navy is similarly not an area of unique federal interest as these products are not "military equipment." Therefore, the procurement of such products by the Navy does not "immunize" Phelps Dodge under *Boyle*.

---

[3] In *Boyle*, subject matter jurisdiction was **not** an issue because of the existence of diversity among the parties. In this case, Phelps Dodge is attempting to create subject matter federal jurisdiction through the principles stated in *Boyle* where it is not at issue in the case.

7

| *Hutchison, et al. v. A.W. Chesterton Company, et al.* | MEMORANDUM OF POINTS AND AUTHORIES IN |
| Case No. C07-02824 MEJ | SUPPORT OF MOTION TO REMAND |

**2. There Are No Conflicts With Any Applicable Federal Contracts And California Law Warning Requirements.**

In order for *Boyle* to apply, Phelps Dodge would have to prove that the applicable federal contracts include warning requirement that significantly conflict with those imposed by California law. In addition, the contractor must show that "whatever warnings accompanied a product resulted from a determination of a governmental official and thus that the Government 'dictated' the content of the warnings meant to accompany the product." Under *Boyle*, for the military contractor defense to apply, government officials must be the agents of decision. See, *In re Joint Eastern and Southern Dist. N.Y. Asbestos Litigation v. Eagle-Picher Ind. Inc.*, 897 F.2d 626, 630. Where no conflict between any requirements imposed under a federal contract and state law duty to warn, *Boyle* commands that the court defer to the operation of state law. *Id.* at 631.

Since Phelps Dodge provides no evidence that any alleged contract that it had for the supply of asbestos-containing products contained any requirement with regard to warning, there is no evidence to support any alleged conflict between any federal contract and California law. As such, Phelps Dodge has failed to meet its burden of proof that California law significantly conflicts with an identifiable federal policy or interest so as to invoke the *Boyle* doctrine. Therefore, this Court does not have subject matter jurisdiction over this action and this case should be remanded back to Alameda Superior Court.

**3. Liability For Design Defect Can Be Imposed Under State Law Pursuant To The Test Set Forth In *Boyle*.**

The *Boyle* court enumerated a three-step analysis or test of when the defense displaces a state tort law design duty. "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonable precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle* at 2518.

In this case, Phelps Dodge merely alleges in its Notice of Removal that its predecessor manufactured asbestos-containing products "in strict compliance with governmental

8

specifications." See, Phelps Dodge Notice of Remand at ¶ 5. However, Phelps Dodge provides no evidence of: 1) those specifications; 2) that they were reasonable, precise and approved by the United States; 3) that the ultimate product provided to the United States conformed to those specifications; or 4) that Phelps Dodge warned the United States about the dangers in the use of the equipment that were known to it, but not to the United States. In each of these aspects, Phelps Dodge has failed to meet its burden of proof to demonstrate that the "military contractor defense" applies to them so as to displace their state law duty under California law.

Therefore, since Phelps Dodge has not demonstrated a colorable federal defense. This Court does not have federal subject matter jurisdiction over this action and this case should be remanded back to Alameda Superior Court.

**D.    Phelps Dodge Is Not "Immune" Under The Federal Tort Claims Act.**

The relevant language of the Federal Tort Claims Act (FTCA) relieves the United States of liability for acts of "any contractor with the United States." See, 28 U.S.C.§ 2671. The language of the FTCA has the effect of relieving the United States of liability for the acts of its contractors but does not relieve the contractor of liability. The FTCA specifically defines which "federal agencies" are covered: "the executive departments and independent establishment of the United States, or corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." See, 28 U.S.C. § 2671.

The Supreme Court has held that a party under contract with the government becomes an agency of the United States within the meaning of the FTCA only if "its day-to-day operations are supervised by the Federal government." See, *Brooks v. A.R.&S. Enters. Inc.*, 622 F.2d 8, 10 (lst Cir. 1980) citing *United States v. Orleans,* 425 U.S.807, 817, 96 S.Ct. 1971, 1976 (1976). Phelps Dodge supplied asbestos-containing products to the Navy but there is no proof that its day-to-day operations were ever implicated. Therefore, the FTCA does not apply to Phelps Dodge and the FTCA does not provide Phelps Dodge with a *colorable* federal defense. Phelps Dodge has not demonstrated that this Court has subject matter jurisdiction under the FTCA or that the FTCA supports subject matter jurisdiction. Therefore, plaintiffs' case should be remanded to Alameda Superior Court.

### III. CONCLUSION

Defendant Phelps Dodge simply has not satisfied its burden of proof for federal subject matter jurisdiction. For all of the aforementioned reasons, plaintiffs respectfully request that this case be remanded to the Superior Court of Alameda pursuant to 28 U.S.C. § 1447 (c) for lack of federal subject matter jurisdiction.

Respectfully submitted,

DATED: June 29, 2007

BRENT COON & ASSOCIATES

_____
CHERYL L. WHITE
Attorneys for Plaintiffs

10

| Hutchison, et al. v. A.W. Chesterton Company, et al. Case No. C07-02824 MEJ | MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF MOTION TO REMAND |
|---|---|