## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**IN RE: ASBESTOS PRODUCT
LIABILITY LITIGATION (NO. VI)**    MDL Docket No. 875

This Document Relates to:

HELEN HUTCHISON, etc., et al.,
v.
A.W. CHESTERTON COMPANY, et al.

Northern District of California
Oakland Division
Docket No. C 07-02824 SBA
(CTO-281)

## FURTHER STATEMENT OF OPPOSITION TO
## MOTION TO REMAND TO STATE COURT

Defendant Phelps Dodge Industries, Inc. (PDI) opposes the motion of plaintiffs

Helen Hutchison and Michelle Stuart to remand this action to state court.  PDI will be

submitting its opposition brief and evidentiary materials in opposition to plaintiffs'

motion and now expects to have these materials filed by September 21, 2007, unless a

different date is set by this Court.

PDI previously filed on August 2, 2007, a statement of opposition indicating that

it expected to file its opposition brief and evidentiary materials by August 30, 2007.

Plaintiffs recently filed new documents concerning their motion to remand, including

their Re-Notice of Motion and Motion to Remand Case to California Superior Court,

filed August 27, 2007, purporting to set this matter for hearing on October 16, 2007.

1

Plaintiffs allege that their decedent developed lung cancer from exposure to asbestos-containing products while serving in the United States Navy during 1950-1971 aboard the USS NICHOLAS, the USS STODDARD, and the USS COONTZ. Two of these ships were built during World War II. The third was launched in 1960.

PDI's predecessor, Phelps Dodge Copper Products Corporation, supplied the United States Navy with asbestos-containing shipboard cable pursuant to extensive government specifications, including marking specifications. The United States Navy had more than equal knowledge about potential health hazards of asbestos.

PDI will be submitting evidentiary materials that include declarations from retired Navy Rear Admiral Ben J. Lehman, retired Navy Captain Lawrence Stilwell Betts, and retired employee William J. Daniels, as well as excerpts from the voluminous records of specifications and contracts applicable to Navy shipboard cable supplied by Phelps Dodge Copper Products Corporation. Those materials will establish that this Court has jurisdiction under 28 U.S.C. § 1442 by demonstrating that PDI has a colorable government contractor defense in this case under the doctrine stated in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

DATED: August 29, 2007

Respectfully,

Paul R. Johnson

Robert D. Eassa
     robert.eassa.service@filicebrown.com
Paul R. Johnson
     paul.johnson.service@filicebrown.com
Filice Brown Eassa & McLeod LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel:  (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
Phelps Dodge Industries, Inc.

05794 33915 PRJ 570183.01