

U. S. Standard Form No. 32 (Revised)
Modified for use by Navy Department
May 1936

Contract No. N 251 s 73990

Opening, 8 December, 1941

# CONTRACT
## (SUPPLIES)
(As modified for use by the Navy Department)

THIS IS AN OFFICIAL COPY OF THE FILE OF THE GENERAL ACCOUNTING OFFICE. CONTRACTOR TO RETAIN THIS COPY FOR HIS OWN USE.

Req'n No. NSA 750   Bu. S&A   Station PSNY, Wash.
Schedule 2487
App'n 17X0806 N.S.A.P.

Purchasing Office Puget Sound Navy Yard, Bremerton, Wash. (251)

NAVY DEPARTMENT
(Department)

_____
(Contractor)

Contract for CABLE                                   Amount, $ 2698.00

Place Puget Sound Navy Yard, Bremerton, Washington

THIS CONTRACT, entered into this 17th day of December, 19 41 by the UNITED STATES OF AMERICA, hereinafter called the Government, represented by the contracting officer executing this contract, and Phelps Dodge Copper Products Corp., Habirshaw Cable and Wire Division a corporation organized and existing under the laws of the State of Delaware ~~a partnership consisting of~~ ~~an individual trading as~~ 40 Wall Street of the city of New York, in the State of New York, hereinafter called the contractor, witnesseth that the parties hereto do mutually agree as follows:

ARTICLE 1. *Scope of this Contract.*—The contractor shall furnish and deliver all supplies or services covered by the items or lots hereto attached, for the consideration stated opposite each item or each lot in the schedules, in strict accordance with the specifications, schedules, and drawings, all of which are made a part hereof.

Deliveries shall be made as follows: As stated in the schedules concerned.

ARTICLE 2. *Changes.*—Where the supplies to be furnished are to be specially manufactured in accordance with drawings and specifications, the contracting officer may at any time, by a written order, and without notice to the sureties, make changes in the drawings and specifications, except Federal Specifications. Changes as to shipment and packing of all supplies may also be made as above provided. If such changes cause an increase or decrease in the amount due under this contract, or in the time required for its performance, an equitable adjustment shall be made and the contract shall be modified in writing accordingly. No change involving an estimated increase or decrease of more than Five Hundred Dollars shall be ordered unless approved in writing by the head of the department or his duly authorized representative. Any claim for adjustment under this article must be asserted within 10 days from the date the change is ordered: *Provided, however,* That the contracting officer, if he determines that the facts justify such action, may receive and consider, and with the approval of the head of the department or his duly authorized representative, adjust any such claim asserted at any time prior to the date of final settlement of the contract. If the parties fail to agree upon the adjustment to be made the dispute shall be determined as provided in Article 12 hereof. But nothing provided in this article shall excuse the contractor from proceeding with the contract as changed.

ARTICLE 3. *Extras.*—Except as otherwise herein provided, no charge for extras will be allowed unless the same have been ordered in writing by the contracting officer and the price stated in such order.

ARTICLE 4. *Inspection.*—(a) All material and workmanship shall be subject to inspection and test at all times and places and, when practicable, during manufacture. In case any articles are found to be defective in material or workmanship, or otherwise not in conformity with the specification requirements, the Government shall have the right to reject such articles, or require their correction. Rejected articles, and/or articles requiring correction, shall be removed by and at the expense of the contractor promptly after notice so to do. If the contractor fails to promptly remove such articles and to proceed promptly with the replacement and/or correction thereof, the Government may, by contract or otherwise, replace and/or correct such articles and charge to the contractor the excess cost occasioned the Government thereby, or the Government may terminate the right of the contractor to proceed as provided in Article 5 (or in the article entitled "Delays—Liquidated Damages," quoted in paragraph 5 of the Directions, if it is substituted for Article 5) of this contract, the contractor and surety being liable for any damage to the same extent as provided in said Article 5 (or in said substitute article) for terminations thereunder.

(b) If inspection and test, whether preliminary or final, is made on the premises of the contractor or subcontractor, the contractor shall furnish, without additional charge, all reasonable facilities and assistance for the safe and convenient inspections and tests required by the inspectors in the performance of their duty. All inspections and tests by the Government shall be performed in such a manner as not to unduly delay the work. Special and performance tests shall be as described in the specifications. The Government reserves the right to charge to the contractor any additional cost of inspection and test when articles are not ready at the time inspection is requested by the contractor.

(c) Final inspection and acceptance of materials and finished articles will be made after delivery, unless otherwise stated. If final inspection is made at a point other than the premises of the contractor or a subcontractor, it shall be at the expense of the Government except for the value of samples used in case of rejection. Final inspection shall be conclusive except as regards latent defects, fraud, or such gross mistakes as amount to fraud. Final inspection and acceptance or rejection of the materials or supplies shall be made as promptly as practicable, but failure to inspect and accept or reject materials or supplies shall not impose liability on the Government for such materials or supplies as are not in accordance with the specifications. In the event public necessity requires the use of materials or supplies not conforming to the specifications, payment therefor shall be made at a proper reduction in price.

16—6584 a   U. S. GOVERNMENT PRINTING OFFICE

(1)

Lehman Decl.

Exhibit 23

ARTICLE 5. *Delays—Damages.*—If the contractor refuses or fails to make deliveries of the materials or supplies within the time specified in Article 1, or any extension thereof, the Government may by written notice terminate the right of the contractor to proceed with deliveries or such part or parts thereof as to which there has been delay. In such event, the Government may purchase similar materials or supplies in the open market or secure the manufacture and delivery of the materials and supplies by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby: *Provided,* That the contractor shall not be charged with any excess cost occasioned the Government by the purchase of materials or supplies in the open market or under other contracts when the delay of the contractor in making deliveries is due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God or of the public enemy, acts of the Government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, unusually severe weather, and delays of a subcontractor due to such causes unless the contracting officer shall determine that the materials or supplies to be furnished under the subcontract are procurable in the open market, if the contractor shall notify the contracting officer in writing of the cause of any such delay, within 10 days from the beginning thereof, or within such further period as the contracting officer shall, with the approval of the head of the department or his duly authorized representative, prior to the date of final settlement of the contract, grant for the giving of such notice. The contracting officer shall then ascertain the facts and extent of delay, and his findings of fact thereon shall be final and conclusive on the parties hereto, subject only to appeal within 30 days by the contractor to the head of the department concerned or his duly authorized representative, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties hereto.

ARTICLE 6. *Responsibility for supplies tendered.*—The contractor shall be responsible for the articles or materials covered by this contract until they are delivered at the designated point, but the contractor shall bear all risk on rejected articles or materials after notice of rejection. Where final inspection is at point of origin but delivery by contractor is at some other point, the contractor's responsibility shall continue until delivery is accomplished.

ARTICLE 7. *Increase or decrease.*—Unless otherwise specified, any variation in the quantities herein called for, not exceeding 10 percent, will be accepted as a compliance with the contract, when caused by conditions of loading, shipping, packing, or allowances in manufacturing processes, and payments shall be adjusted accordingly.

ARTICLE 8. *Payments.*—The contractor shall be paid, upon the submission of properly certified invoices or vouchers, the prices stipulated herein for articles delivered and accepted or services rendered, less deductions, if any, as herein provided. Unless otherwise specified, payments will be made on partial deliveries accepted by the Government when the amount due on such deliveries so warrants; or, when requested by the contractor, payments for accepted partial deliveries shall be made whenever such payments would equal or exceed either $1,000 or 50 percent of the total amount of the contract.

ARTICLE 9. *Additional security.*—Should any surety upon the bond for the performance of this contract become unacceptable to the Government, or if any such surety shall fail to furnish reports as to his financial condition from time to time as requested by the Government, the contractor must promptly furnish such additional security as may be required from time to time to protect the interests of the Government and of persons supplying labor or materials in the prosecution of the work contemplated by the contract.

ARTICLE 10. *Officials not to benefit.*—No member of or delegate to Congress or resident commissioner shall be admitted to any share or part of this contract or to any benefit that may arise therefrom, but this provision shall not be construed to extend to this contract if made with a corporation for its general benefit.

ARTICLE 11. *Covenant against contingent fees.*—The contractor warrants that he has not employed any person to solicit or secure this contract upon any agreement for a commission, percentage, brokerage, or contingent fee. Breach of this warranty shall give the Government the right to annul the contract, or, in its discretion, to deduct from the contract price or consideration the amount of such commission, percentage, brokerage, or contingent fees. This warranty shall not apply to commissions payable by contractors upon contracts or sales secured or made through bona fide established commercial or selling agencies maintained by the contractor for the purpose of securing business.

ARTICLE 12. *Disputes.*—Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer, subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties hereto. In the meantime the contractor shall diligently proceed with performance.

ARTICLE 13. *Domestic articles.*—Unless the head of the department or independent establishment concerned shall determine it to be inconsistent with the public interest, or the cost to be unreasonable, only such unmanufactured articles, materials, and supplies as have been mined or produced in the United States, and only such manufactured articles, materials, and supplies as have been manufactured in the United States substantially all from articles, materials, or supplies mined, produced, or manufactured, as the case may be, in the United States shall be delivered pursuant to this contract, except as noted in the specifications and/or other papers hereto attached. The provisions of this article shall not apply with respect to articles, materials, or supplies for use outside the United States, or if articles, materials, or supplies of the class or kind to be used, or the articles, materials, or supplies from which they are manufactured are not mined, produced, or manufactured, as the case may be, in the United States in sufficient and reasonably available commercial quantities and of a satisfactory quality.

ARTICLE 14. *Definitions.*—(a) The term "head of the department" as used herein shall mean the head or any assistant head of the executive department or independent establishment involved, and the term "his duly authorized representative" shall mean any person authorized to act for him other than the contracting officer.

(b) The term "contracting officer" as used herein shall include his duly appointed successor or his authorized representative.

ARTICLE 15. *Alterations.*—The following changes were made in this contract before it was signed by the parties hereto:

ARTICLE 16. *Patents.*—The contractor shall hold and save the Government, its officers, agents, servants, and employees, harmless from liability of any nature or kind, including costs and expenses, for or on account of any patented or unpatented invention, article or appliance manufactured or used in the performance of this contract, including their use by the Government, unless otherwise specifically stipulated in this contract.

18175
Inspection Report Number

Reqn. No. BSA 750

N251s-73990
Contract Number

Schedule No. 2427

Supplied By: Phelps Dodge Copper Products Corp.
Habirshaw Cable and Wire Division
40 Wall Street
New York, New York

17 December 1941
Date of Contract

| ITEM NO. | ARTICLES OR SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT DOLLARS | CENTS |
|---|---|---|---|---|---|---|
| | Terms 1/2 % Discount Cash 10 days | | | | | |
| | Page 1              401(15) | | | | | |
| | Item as per the attached sheet. | | | | | |
| | Preference rating A-1-a. Cert. No AN1835045 | | | | | |
| | The provisions of the attached sheet entitled "Reel Clause" are applicable to and form a part of this requisition. | | | | | |
| | TEST AND BRAND: To be Habirshaw as mfg. by Phelps Dodge Copper Products Corp., Habirshaw Cable and Wire Division. | | | | | |
| | Req. For USS SARATOGA | | | | | |
| | L/L No. L-S-1221 of 10/3/41 | | | | | |
| | Ident No. 0404-33-K74 | | | | | |
| | P.O. No. 986/IRNV | | | | | |
| | Alt Chg 17X0603 Increase & Replacement of Naval Vessels (CAN) | | | | | |
| | Project Order 986/IRNV | | | | | |
| | DELIVERY: 89 days plus time necessary for inspection and acceptance. | | | | | |

Total Amount $

TO BE DELIVERED, ALL TRANSPORTATION CHARGES PAID, TO THE SUPPLY OFFICER, PUGET SOUND
NAVY YARD, BREMERTON, WASHINGTON WITHIN    SEE ABOVE    DAYS AFTER DATE OF CONTRACT.
Name of Manufacturer: Phelps Dodge Copper Prod. Corp. Habirshaw Cable & Wire
To be inspected at Yonkers, N.Y.
Inspection to be made at Point of Shipment unless otherwise directed by the
Bureau of    Ships                     Navy Dept., Washington, D. C.
1 copy to: BUR SHIPS
Two copies to Insp. of Nav. Matl., USN 90 Church St., New York, N.Y.
Who is requested to arrange for the necessary inspection of this material.
Contractor will notify above inspector immediately exact date material may be inspected.
Attached sheet forms a part of this contract.
CL
1-A   1-A                           1215-2

NOTICE: The Paymaster General directs that invitation to bid on supplies required shall not be sent to firms so long as they are in arrears in the satisfactory delivery of supplies already ordered, and that this notice shall appear upon all invitations to bid and orders for supplies.

S. and A. Form 72
April 1933

Page 2

N251s-7...

## CONTINUATION SHEET FOR PURCHASE FORMS _____ No. _____

| ITEM No. | ARTICLES OR SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT Dollars | Cents |
|---|---|---|---|---|---|---|
| 1. ys | 401 (15)<br><br>CABLE, type DHFA-400, to be in strict accordance with Bu. Ships Specifications 15-C-1(INT) of 9/1/41.<br>(Navy Stock No. 15-C-4550)<br>Contractor guarantees that the cable furnished is of first class material and workmanship throughout, and in lieu of other claims against it, agrees to replace (1) any length of cable failing under the tests specified or during normal and proper use within one year of date of installation (the commencement of such year in any event to be not more than six months from date of shipment of cable), and (2) any length of cable failing within two years from date of installation (with above limitation as to commencement of the two years) which shows defects in material or workmanship, provided in each case that immediate written notice of such failure is given to contractor. All replacements under provisions of this guarantee shall be made free of charge F. O. B. delivery point given in original contract. Lengths of cable which have been replaced under provisions of this guarantee shall become the property of the contractor and shall be returned to contractor's mill by the Government, F. O. B. original delivery point. | 1000 | Ft. | 2.698 | 2698 | 00 |

| ITEM No. | ARTICLES OR SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT | |
|---|---|---|---|---|---|---|
| | | | | | Dollars | Cents |
| | | | | | | |

U. S. GOVERNMENT PRINTING OFFICE    o 4—7500a

CONTAINER CLAUSE
(Reels)

N251s-73990

REELS. - The bid price shall include the cost of the reels. In case reels in good condition are returned by the Government within 12 months after date of delivery of the material, and at the cost of the contractor, it is agreed that the contractor will allow the Government the amount stipulated under "Unit Price" below for each reel returned.

| Number of reels required | For items (insert items corresponding to items in this lot) | Unit Price | Total |
|---|---|---|---|
| 2 | | $53.00 | $106.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL PRICE - ALL REELS ABOVE | | $106.00 |

Bidders must insert under column "Unit Price" where specified the amount per reel they will allow for reels returned.
Empty reels to be shipped to:

Name ___Phelps Dodge Copper Prod. Corp., Habirshaw Cable & Wire Div.___

Address ___Yonkers, New York___
Bidders must state on the blank lines provided above the name and address of the person or firm to whom shipments of empty reels are to be made.

PD-3

**OFFICE OF PRODUCTION MANAGEMENT**
**PRIORITIES DIVISION**
**WASHINGTON, D.C.**

AN- 1835045

ORIGINAL

## PREFERENCE RATING CERTIFICATE

To Phelps Dodge Copper Products Corp., Habirshaw Cable and Wire Division
NAME OF SUPPLIER

40 Wall Street, New York, New York
ADDRESS

1. In accordance with Section 2 (a) of the Act of June 28, 1940 (Pub. 671, 76th Cong. 3d. Sess.), Preference Rating ___A-1-a___ is hereby assigned to the item(s) described below covered by U. S. Army or Navy Contract No. ___N251s-73990___ placed with:
COMPLETE DEPARTMENT NO.

Name Phelps Dodge Copper Prod. Corp., Habirshaw Cable & Wire Div.
Address 40 Wall St., New York, New York
By Supply Officer, Puget Sound Navy Yard, Bremerton, Washington
U. S. ARMY OR NAVY SUPPLY ARM OR BUREAU

| Name and description of item(s) | Unit Quantities | Approx. Value | Required Delivery Date(s) |
|---|---|---|---|
| CABLE, Type DHFA-400 | 1000 Ft. | $2698.00 | 16 Mar 1942 |

NOTICE TO SUPPLIER

**WHEN PREFERENCE RATING IS ASSIGNED TO MATERIAL ON A SUBCONTRACT RELATED TO THE PRIME CONTRACT NAMED IN PARAGRAPH 1, PARAGRAPH 2 MUST ALSO BE COMPLETED.**

*If this Certificate is not to be extended to a subcontractor, the countersigning U. S. Government official will rubber stamp Paragraph 2 "VOID."*

2. In accordance with Section 2 (a) of the Act of June 28, 1940, Preference Rating _____ is hereby assigned to the material described below valued at $_____, ordered from the Supplier by _____, for delivery in accordance with the following Delivery Schedule.

| Item No. | Name and description of item(s) | Purchaser's Order No. | Date of Order |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |

| *DELIVERY SCHEDULE | 1st Delivery *Date | 2d Delivery *Date | 3d Delivery *Date | 4th Delivery *Date | 5th Delivery *Date | 6th Delivery *Date | 7th Delivery *Date | 8th Delivery *Date |
|---|---|---|---|---|---|---|---|---|
| ITEM 1 | | | | | | | | |
| Unit Quantities | | | | | | | | |
| ITEM 2 | | | | | | | | |
| Unit Quantities | | | | | | | | |
| ITEM 3 | | | | | | | | |
| Unit Quantities | | | | | | | | |
| ITEM 4 | | | | | | | | |
| Unit Quantities | | | | | | | | |

*Delivery Dates are arrival dates of material at Purchaser's Plant. Installment deliveries must be scheduled when partial deliveries will meet requirements. If necessary, delivery schedules may be attached as a part hereof.

16—20020    [SEE REVERSE SIDE]

3. AUTHENTICATION:

I hereby certify (a) that the material specified in this Certificate is essential for completion of the contract(s) cited herein, (b) that the specified quantities are not greater than required for said contract(s), and (c) that the specified *Delivery Date(s)* in the installment Delivery Schedule on the face of this Certificate (or appended hereto) are not earlier than actually necessary for completion on time of said contract(s).

*Signature of Purchaser:                                          *Countersignature of U. S. Government official:

/s/

By _____                         Lieut. Comdr. (SC) U.S.N.
       SIGNATURE OF OFFICIAL

_____                              Puget Sound Navy Yard, Bremerton, Wash
           TITLE                                                        STATION

Date _____                              Date   15 DEC 1941

*This Certificate is not valid unless this Authentication is countersigned by the appropriate U. S. Government official and (if extended as provided in Paragraph 2) signed by the Purchaser.

---

**THIS CERTIFICATE IS NON-TRANSFERABLE**

---

By Authority of

E. R. Stettinius

E. R. STETTINIUS, JR.,
*Director of Priorities.*

**NOTICE TO SUPPLIER**

1. The purpose of this Preference Rating is to insure delivery on the *Required Delivery Date(s)* insofar as such delivery can be effected without prejudice to contracts and orders bearing equal or superior Preference Ratings but, if necessary, subordinating other contracts or orders placed with you for private account or for export. Preference Ratings, in order of precedence, are AA, A-1-a, A-1-b ... A-1-j, A-2 ... A-10, etc.

2. If the Supplier is, or anticipates that he may be, unable to meet the *Required Delivery Date(s)*, the reasons therefor, together with attendant facts and circumstances, and the extent of the delay anticipated should be reported immediately to the U. S. Government official countersigning this Certificate.

16—20020   GPO

Distribute copies of this Certificate in accordance with instructions printed on each copy

**ORIGINAL—TO BE FORWARDED TO AND RETAINED BY SUPPLIER**

NOTICE TO CONTRACTOR

Before the preference rating assigned to this contract or order can be extended, it will be necessary that you furnish the Supply Officer or qualified Countersigning Government official the following information in the case of each subcontractor:

    Name and address of subcontractor

    Approximate value of material required or items

    Name and description of the item or items

    Your order number

    Date of your order

    Itemized delivery schedule indicating desired
        arrival dates of material at your plant, or
        to the Government as the case may be

                              SUPPLY OFFICER

TRANSFER OF CONTRACT AND ASSIGNMENT OF CONTRACTOR'S CLAIMS.

(a) Neither this contract, nor any interest herein except as otherwise provided in subparagraphs (b) and (c) of this article, shall be transferred by the contractor to any other party or parties.

(b) Claims for moneys due or to become due to the contractor from the Government arising out of this contract may be assigned to any bank, trust company, or other financing institution, including any Federal lending agency. Any such assignment shall cover all amounts payable under this contract and not already paid, shall not be subject to further assignment, and shall not be made to more than one party, except that any such assignment may be made to one party as agent or trustee for two or more parties participating in the financing of this contract. In the event of any such assignment, the assignee thereof shall file written notice of the assignment together with a true copy of the instrument of assignment with (1) the General Accounting Office of the Government, (2) the contracting officer, (3) the surety or sureties upon the bond or bonds, if any, in connection with this contract, and (4) with the Disbursing Officer designated to make payments under this contract.

(c) Payments to an assignee of any claims arising under this contract shall not be subject to reduction or set-off for any indebtedness of the contractor to the United States arising independently of this contract.

## NOTE TO CONTRACTOR

SHIPPING CONTAINERS SHALL BE MARKED WITH--THE NAME OF THE <u>PRIME CONTRACTOR</u> AND THE NUMBER OF CONTRACT OR ORDER.

Submit invoices in duplicate, properly certified, direct to the Supply Officer, Puget Sound Navy Yard, Bremerton, Washington, for preparation of Public Vouchers for payment with the following certification over the Payee's signature:

"I certify that the above bill is correct and just; that payment therefor has not been received; that all statutory requirements as to American production and labor standards, and all conditions of purchase applicable to the transactions have been complied with; and that State or local sales taxes are not included in the amount billed."

(Firm)_____

(By)_____

SPECIAL NOTE: When wages, rights, and hours of work of employees are specifically provided for under contract or order, the following certificate must appear in addition to the one above:

"I certify that the stipulations required by law and/or under contract, etc., with respect to wages, rights, and hours of work of employees have been complied with."

NOTE: The prescribed certificate should be printed, stamped, typed or written ON THE INVOICE and must be signed (original only) by the duly authorized representative of the concern billing.

In a case where it is physically impossible to include certificate on face of the invoice, the certificate will be placed on the reverse of the invoice. Certificate on separate sheet attached to invoice is NOT acceptable.

THE CONTRACTOR IN PERFORMING THE WORK REQUIRED BY THIS CONTRACT SHALL NOT DISCRIMINATE AGAINST ANY WORKER BECAUSE OF RACE, CREED, COLOR OR NATIONAL ORIGIN. THE CONTRACTOR FURTHER AGREES THAT EACH SUB-CONTRACT MADE UNDER THIS CONTRACT WILL CONTAIN A SIMILAR PROVISION WITH RESPECT TO NON-DISCRIMINATION.

Form No. 1.

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the day and year first above written.

THE UNITED STATES OF AMERICA

By _____
M. W. CLARK,
Lieut. Comdr. (SC), U.S.N.,
Purchasing Officer

PHELPS DODGE COPPER PRODUCTS CORPORATION
HABIRSHAW CABLE AND WIRE DIVISION
(Name of firm)

Two witnesses:

_____
R. B. Martin

_____
E. F. Gordon

By _____ Contractor.
H. T. Brinton (Official title) Vice President
40 Wall Street, New York, New York
(Business address)

I, Geo. E. Pierson, _____, certify that I am the Assistant Secretary of the corporation named as contractor herein; that H. T. Brinton who signed this contract on behalf of the contractor, was then Vice President of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

_____Geo E Pierson_____ [CORPORATE SEAL]

I hereby certify that, to the best of my knowledge and belief, based upon observation and inquiry, _____, who signed this contract for the _____, had authority to execute the same, and is the individual who signs similar contracts on behalf of this corporation with the public generally.

_____
Contracting Officer.

Standard Form No. 25
Approved by the Secretary of the Treasury
September 16, 1935

## STANDARD GOVERNMENT FORM OF PERFORMANCE BOND
(As modified for use by the Navy Department)   U. S. G. CO. Bond No. 1356328
(CONSTRUCTION OR SUPPLY)

Know all Men by these Presents, That we, Phelps Dodge Copper Products Corp. Habirshaw Cable and Wire Division Incorporated in the State of Delaware as PRINCIPAL and United States Guarantee Company, 90 John Street, New York, N. Y., a corporation organized and existing under the laws of the State of New York, as SURETY, are held and firmly bound unto the United States of America, hereinafter called the Government, in the penal sum of Seven-hundred ($700.00) and — — — — — — — — — — — — no/100 dollars lawful money of the United States, for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that whereas the principal entered into a certain contract, hereto attached, with the Government, dated   17 December   , 19 41.

Now THEREFORE, If the principal shall well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said contract during the original term of said contract and any extensions thereof that may be granted by the Government, with or without notice to the surety, and during the life of any guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety being hereby waived, then this obligation to be void; otherwise to remain in full force and virtue.

IN WITNESS WHEREOF, the above-bounden parties have executed this instrument under their several seals this 17th day of December , 19 41, the name and corporate seal of each corporate party being hereto affixed and these presents duly signed by its undersigned representative, pursuant to authority of its governing body.

In presence of—

_____
R. B. Martin

_____
E. F. Gordon

Witness: _____
Walter Conde

PHELPS DODGE COPPER PRODUCTS CORPORATION
HABIRSHAW CABLE AND WIRE DIVISION  [SEAL]
(Principal)

By ___H J Brinton_____  [SEAL]
H. T. Brinton (Principal) Vice President

United States Guarantee Company  [SEAL]
(Surety)

By ___Ward E Flaxington_____  [SEAL]
WARD E. FLAXINGTON Assistant Secretary

AS TO U. S. GUAR. CO.

WALTER CONDE

The rate of premium on this bond is $3.00 per thousand.
Total amount of premium charged, $ 2.50 minimum
(The above must be filled in by corporate surety)
If individual sureties sign the above bond the Affidavits and Certificates on the Appended Sheet must be executed.

16—9584a

| | |
|---|---|
| DATE 12/27/41 | TERMS - 1/2 of 1% 10 days net 30 ~~D.C. 1.~~ 2% 15 prox. net end prox. month. |
| ORDER NO. N-251- S-73990 | |
| CUSTOMER Mary Isd Bremerton | (COMMISSION |
| SHIPPING DATE Dec arew | NONE |
| ROUTE VIA ———— | |
| F.O.B. ~~FACTORY FRT. ALLOWED~~ TO DEST. REVISED REEL CLAUSE EFFECTIVE JUNE 16th APPLIES | (1) CLAUSE ON RUBBER EXCISE TAX APPLIES |
| | (2) CLAUSE ON ANY ADDITIONAL TAXES APPLIES |
| MARKS see order | (3) 30 DAY PRICE CLAUSE APPLIES |
| SALESMAN HUSSEY | |
| REFERENCE CODE NO. 22 | |
| SPECIFICATIONS see order | |
| INSPECTED BY see order | |
| ROYALTY | |

Avy rating A-1-A

AN- 1835045

OK to ship

| ROUTINE | INITIALED | DATE |
|---|---|---|
| EDITED | | 12/27/41 |
| CHECKED | | 12/29 |
| POSTED | | 12/29 |
| RELEASED | | 12/29 |
| CREDIT APPROVED | | 12/29 |
| 2651# | .12¢ | |

# HABIRSHAW
## CABLE AND WIRE DIVISION
## PHELPS DODGE COPPER PRODUCTS CORPORATION

### COPY

December 26, 1941

Navy Purchasing Office
Puget Sound Navy Yard
Bremerton, Washington

Gentlemen:

  Subject: Contract N251s-73990

  We are pleased to return original copy of the above numbered contract which has been signed and bonded in accordance with your instructions.

          Very truly yours,

         PHELPS DODGE COPPER PRODUCTS CORPORATION
          HABIRSHAW CABLE AND WIRE DIVISION

         By

           R. B. Martin

RBM:EK
att